**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DACIOUS PARKER TDCJ# 02008912** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **1:17-CV-00728-SS** |
| | § | |
| **TRAVIS COUNTY, TEXAS,** | § | |
| **TRAVIS COUNTY SHERIFF AND** | § | |
| **DUSTIN D'AMALFI** | § | |
| *Defendants.* | § | |

<u>**DEFENDANTS TRAVIS COUNTY AND TRAVIS COUNTY SHERIFF'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**</u>

TO THE HONORABLE COURT:

Defendant Travis County and Travis County Sheriff [1] (hereafter "Travis County")

file this Motion to Dismiss pursuant to FRCP 12(b)(6) and respectfully move this Court to

dismiss Plaintiff *Pro Se* Dacious Parker's ("Plaintiff") lawsuit for failure to state a claim.  In

support, Travis County offers the following:

## I.      BACKGROUND

As alleged by Plaintiff, the facts giving rise to this claim occurred on July 25,

2015 when, while incarcerated in the Travis County Correctional Complex, Plaintiff

barricaded himself in his jail cell.  In an effort, to evade officers' attempts to extricate

him, Plaintiff covered himself and the floor of his cell with a slippery haircare product.

When officers deployed a tear gas cylinder into his cell, the haircare product ignited

---

[1] There are no allegations that Sheriff Hernandez, or her predecessor, were personally involved in the incident, thus, the lawsuit against "Travis County Sheriff" is, in effect, an "official capacity" lawsuit. Official capacity lawsuits "generally represent only another way of pleading an action against the entity of which the officer is an agent."  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, (1978).  Thereby, the claims against Travis County and Travis County Sheriff will be analyzed as one.

causing injury to Plaintiff.  As stated by an attorney who assisted Plaintiff in filing a jail grievance form in 2015, Plaintiff alleges at most negligence against the officer who deployed the tear gas.  **[DKT. 1 pg. 6]**.  On or about August 4, 2017, more than two years after the incident, Plaintiff filed the instant suit presumably under 42 U.S.C. **§** 1983 alleging excessive force in violation of the Constitution pertaining to the deployment of the tear gas cylinder, **[DKT. 1 pg. 3]** and seeking actual damages, compensatory damages, punitive damages and attorneys' fees.  **[DKT. 1pg. 4]**.

## II.      SUMMARY OF ARGUMENT

Travis County asserts that Plaintiff's lawsuit must be dismissed in its entirety for the following reasons: (1) Plaintiff alleges at most negligence, and claims of negligence will not support a constitutional violation; (2) there is no *respondeat superior* liability under 42 U.S.C. **§** 1983.  In order to bring a suit against a municipality, Plaintiff must allege that a municipal custom, policy or practice was the moving force behind the alleged violation of his constitutional rights and Plaintiff has not, and cannot make such an allegation; and (3) the statute of limitations bars Plaintiff's claims.  In support of partial dismissal, his claim for punitive damages must be dismissed because such damages are not available against a municipality.  (See discussion of these points, *infra*.).

## III.     STANDARD OF REVIEW

FRCP 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  The U.S. Supreme Court has provided a two-pronged approach to determine whether a claim should be dismissed pursuant to Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).  Generally, in reviewing a complaint for

12(b)(6) dismissal, the Court should accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008); *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir 2009), 2009 U.S. App. LEXIS 26839 (unpublished).  However, as the *Iqbal* Court explained in its holding in *Twombly,* the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to <u>*legal conclusions*</u>.  *Iqbal* at 1949-50 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007))(emphasis added).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Id.*

The second working principle in *Twombly*, as explained by the U.S. Supreme Court in *Iqbal*, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss.  *Id.*  To avoid dismissal under FRCP 12(b)(6), a complaint must state "enough facts to state a claim to relief that is <u>*plausible*</u> on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)(emphasis added).  Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949-50 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  The allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations omitted).  The well pleaded facts must permit the court to infer more than the mere possibility of misconduct, it must show that the pleader is entitled to relief.  *Iqbal* at 1949-50 (2009).  Mere conclusory

allegations will not survive a motion to dismiss.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

## IV.     ARGUMENTS AND AUTHORITIES

### a.  *Allegations of negligence are insufficient to state a constitutional violation*.

Other than making conclusory statements that his civil rights were violated, the facts as asserted by Plaintiff show nothing more than negligence, at best.  As Plaintiff's own attorney stated as much back in 2015: officers were attempting to enter Plaintiff's cell when an officer "negligently fired a high combustible chemical agent into his jail cell."  **[DKT 1 pg. 6].**  The first step in examining any constitutional allegation is whether the plaintiff's constitutional rights were violated.  *Monell v. New York Dept. of Social Services*, 436 U.S at 693.  Given that Plaintiff confirms by judicial admission that negligence is his only claim, dismissal is appropriate.

### b.  *No Respondeat Superior liability.*

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a municipality cannot be held responsible for civil rights violations under a theory of *respondeat superior. Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992), *Monell v. New York Dept. of Social Services*, 436 U.S, at 693.

To support a constitutional violation under §1983, a plaintiff must plead and prove a custom, policy, or practice that caused the plaintiff to be subjected to the deprivation of a constitutional right.  *Collins v. City of Harker Heights, Tx.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115, 112 S.Ct. 1061 (1992).  Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct

orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476 (1985).  Further, the policy or practice in question must be the <u>moving force</u> behind the constitutional violation. *Monell v. New York Dept. of Social Services*, 436 U.S. at 694-95. (emphasis added).

Plaintiff has not, and cannot, allege that the purported violation occurred as result of a Travis County's custom, policy or practice, much less that such custom, policy or practice was the moving force behind any alleged constitutional violation. For these reasons, dismissal under FRCP 12(b)(6) is appropriate.

### c.   *Plaintiff's claims are barred by limitations.*

In order to ascertain the statute of limitations that applies in a § 1983 case, courts look to the forum state's statute of limitations for personal injury, and in addition, use federal law to determine when the cause of action accrues. *Piotrowski v. City of Houston*, 237 F. 3d 567, 576 (5th Cir. 2001).  Under Federal law, a cause of action accrues, "the moment plaintiff becomes aware that he suffered an injury. . ." *Id.* In Texas, personal injury claims must be brought "not later than two years after the date the action accrues."  Tex. Civ. Prac. & Rem. Code § 16.003.  Thus, two years from the date that the cause of action accrued would have been July 25, 2017.  Plaintiff would argue that he was incarcerated, and thereby, the statue was tolled.  However, incarceration no longer tolls the statute under Texas law.  "Although Texas law formerly considered imprisonment to be a disability that tolled the running of the statute of limitations, that is no longer the case." *See* Tex. Civ. Prac. & Rem. Code § 16.001. *Gatrell v. Gaylor*, 981 F2d 254, 257 (5th Cir. 1993).  Travis County is aware that courts will toll the statute of limitations while prisoners exhaust

administrative remedies, for example under PLRA.  *Wagner v. Campuzano*, 2015 Westlaw 12805601 at * 3 (2015).  Travis County is unaware of the date upon which the Honorable Court received Plaintiff's Complaint, but if the Court received it <u>after</u> July 25, 2017, then Travis County argues that Plaintiff's case is barred by limitations.  If the Court received his Complaint <u>before</u> July 25, 2017, then Travis County understands that different facts will be under consideration.[2]  This case was filed on August 4, 2017, more than two years after the date of the July 25, 2015, incident.  Plaintiff initiated his grievance in December of 2015, and at that point, had access to an attorney who filed a grievance with the Sheriff's Office.  **[DKT 1 pg.6].**  He could have filed suit at any time after the incident, but he did not until it was too late.  His claim is thus barred by limitations.

### d.  Punitive Damages claim should be dismissed.

Plaintiff has made a claim for punitive damages.  Punitive damages may not be assessed against municipality, and for this reason, his punitive damages claim should be dismissed in its entirety.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981).

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Travis County respectfully requests that this Court dismiss all or part of this lawsuit against both Travis County and Travis County Sheriff with prejudice, that Plaintiff take nothing, and that the Court grant any further relief to which Travis County and Travis County Sheriff may be justly entitled.

---

[2] Travis County could not find a case that provides for equitable tolling during the court's review of a plaintiff *pro se's* petition, but understands that such tolling may exist.

Respectfully submitted,

DAVID ESCAMILLA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile:  (512) 854-4808


By:    /s/ Laurie R. Eiserloh
       Anthony J. Nelson
       Assistant County Attorney
       State Bar No. 14885800

       Laurie R. Eiserloh
       Assistant County Attorney
       State Bar No. 06506270

       ATTORNEYS FOR DEFENDANTS
       TRAVIS COUNTY AND
       TRAVIS COUNTY SHERIFF

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 6th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following by other means:

<u>**CMRRR # 7014 2120 0000 8246 0265**</u>
Plaintiff Dacious Parker # 02008912
TDCJ – George Beto Unit
1391 FM 3328
Tennessee Colony, Texas  75880
PRO SE PLAINTIFF

/s/ Laurie R. Eiserloh
Anthony J. Nelson
Laurie R. Eiserloh
Assistant County Attorneys